UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIM HARTWEGER,

    Plaintiff,

v.

WOOD RIVER TOWNSHIP,

    Defendant.

Case No. 21-cv-546-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Court's December 28, 2021, order to show cause (Doc. 19). As noted in the order to show cause, the Court allowed plaintiff Tim Hartweger's counsel, who represented him when he filed this action, to withdraw from the case on November 19, 2021 (Doc. 18). In the order allowing withdrawal, the Court further ordered Hartweger to either retain other counsel and have new counsel file a notice of appearance or, in the alternative, notify the Court that he would be proceeding *pro se*. It gave him 21 days to do this—that is, until December 13, 2021, if the Court allowed three days for service by mail and landed on the first business day after that time ran. *See* Fed. R. Civ. P. 6(a)(1)(C) & (d). It warned Hartweger that if he failed to do either of these things in a timely manner, the Court might construe his failure as an intent not to pursue this litigation and might dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and/or the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *see Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 425 (7th Cir. 1998).

By December 28, 2021, no new counsel had entered an appearance, and Hartweger had not indicated he wished to proceed *pro se*, so the Court ordered him to show cause on or before

January 21, 2022, why the Court should not dismiss this case based on the same authority set forth in its prior order (Doc. 19).  Again, Hartweger failed to respond.  This was on top of his earlier failure to respond timely to defendant Wood River Township's motion to dismiss for failure to state a claim (Doc. 4), to which Hartweger responded only after the Court ordered him to show cause why the motion should not be granted.

Accordingly, as it warned it might, the Court construes Hartweger's recent failure to respond to two orders of the Court as an indication he has no intent to prosecute this action and **DISMISSES** this case **without prejudice** for lack of prosecution pursuant to Rule 41(b) and the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d at 1025; *Grun*, 163 F.3d at 425.  This order renders **MOOT** Wood River's motion to dismiss for failure to state a claim (Doc. 4).  The Court **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED.**
**DATED:  February 17, 2022**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**